UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LONQUIST FIELD SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19-cv-00213-JAR |
| | ) | |
| DOMINION PROPPANTS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Transfer Venue to the United States District Court for the Eastern District of Louisiana, filed by Defendants Dominion Proppants, LLC and Wesley Robert ("Movants") on January 10, 2020. (Doc. 10). For the reasons discussed below, this Court will grant the motion and transfer this case to the United States District Court for the Eastern District of Louisiana.

Background

Plaintiff seeks to collect over three hundred thousand dollars in unpaid invoices and expenses for services provided to Defendants, including through enforcement of a lien on the property of Defendant Cape Quarry, LLC. (Doc. 1-3). On September 3, 2019, Defendants Dominion Group, LLC and Cape Quarry, LLC commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Louisiana. (Doc. 1). Defendants subsequently removed this case to this Court, claiming "related to" jurisdiction under 28 U.S.C. §

1

1334(b). (*Id.*). The Movants now seek to transfer venue to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1412. (Doc. 10).

Legal Standard

This Court will follow the two-step process outlined in *Quick v. Viziqor Solutions, Inc.*, No. 4:06-CV-637 SNL, 2007 WL 494924 (E.D. Mo. Feb. 12, 2007). First, the Court must determine whether there is "relating to" jurisdiction under 28 U.S.C. § 1334(b). Second, if there is such jurisdiction, the Court must ask whether transfer is appropriate "in the interest of justice or for the convenience of the parties" under 28 U.S.C. § 1412.[1]

28 U.S.C. § 1334(b)

Movants argue that this case is "related to" the pending bankruptcy case in the Eastern District of Louisiana. The district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Eighth Circuit Court of Appeals has adopted the "conceivable effect" test, which "implements a fairly broad interpretation of the scope of a bankruptcy court's 'related to' jurisdiction." *Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir. 1993). The conceivable effect test asks whether the outcome of a civil case "*could conceivably have any effect on the estate being administered in bankruptcy*," including if the outcome "could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and

---

[1] The Court notes that there is a split in authority as to whether a motion to transfer in a "related to" bankruptcy action should be interpreted under 28 U.S.C. § 1404 or 28 U.S.C. § 1412. This Court agrees with the decision in *Quick*, 2007 WL 494924, at *3, and finds that 28 U.S.C. § 1412 governs the question of venue transfer in this case.

administration of the bankrupt estate." *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in original)).

It is apparent, and Plaintiff has acknowledged in prior briefing, that the instant litigation has a conceivable effect on the bankrupt estate. The ultimate disposition of this case will impact the amount that creditors are able to recover from the bankrupt estate. In their Memorandum in Support of Motion for Abstention and Remand, Plaintiff identified various ways in which this case could have a conceivable effect on the bankruptcy proceedings:

> For example, should Lonquist prevail in its claims against non-debtor Dominion Proppants, LLC, its claims against the Debtors may be reduced, thereby conceivably altering the Debtors' liabilities. Presumably, the Debtors' liability to Lonquist would be reduced since it would not be entitled to recover twice. In addition, Lonquist's claims include an action to enforce a lien on property owned by Debtor Cape Quarry. The outcome of that claim, obviously, could alter the Debtors' liabilities, freedom of action with respect to the property covered by the lien, or the administration of Debtors' estates. (Doc. 8 at 7).[2]

Given the broad scope of the conceivable effect test and clear means by which this case may impact the bankruptcy proceedings, this Court finds that "relating to" jurisdiction exists under 28 U.S.C. § 1334(b).

28 U.S.C. § 1412

Movants argue that the interest of justice *or* convenience of the parties merits transfer of this case pursuant to 28 U.S.C. § 1412. The granting of a motion to transfer venue is within the Court's discretion. *In re Vital Link Lodi*, 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999) (citation omitted). Generally, there is a "strong presumption in favor of placing venue in the district court

---

[2] Plaintiff noted that this argument was "[f]or purposes of this motion" and "without waiving any objections." Plaintiff's Memorandum in Opposition to Defendant's Motion to Transfer, however, does not retract this argument or provide any further analysis of 28 U.S.C. 1334(b). (Doc. 19).

3

where the bankruptcy case is pending." *Krakowski v. American Airlines, Inc.*, 927 F.Supp.2d 769, 774 (E.D. Mo. 2013) (quoting *Quick v. Viziqor Solutions, Inc*., No. 4:06-cv-637 SNL, 2007 WL 494924, at *3 (E.D. Mo. Feb. 12, 2007)).

When assessing whether transfer is in the interest of justice, courts frequently consider the economics of estate administration; presumption in favor of the venue of the bankruptcy proceeding; judicial efficiency; ability of the parties to receive a fair trial; a state's interest in having local controversies decided within its borders by those familiar with its laws; enforceability of any judgment rendered; and plaintiff's original choice of forum. *In re Bruno's, Inc.*, 227 B.R. 321, 324-25 (Bankr. N.D. Ala. 1998). This Court is particularly aware that "[l]itigation of related claims in the same tribunal is strong favored" because it promotes the efficient operation of the courts. *Krakowski*, at 776 (quoting *May Dep't Stores Co. v. Wilansky*, 900 F.Supp. 1154, 1166 (E.D. Mo. 1995)). Some courts have found that economic and efficient administration of the bankrupt estate is the most important factor. *In re: Bruno's*, at 324.

Movants convincingly argue that transfer of this case promotes the economic administration of the estate and serves judicial efficiency. The Court agrees that it is more efficient for all claims to be handled by common counsel in the Eastern District of Louisiana, where the bankruptcy case is pending. Meanwhile, transfer would not require substantial duplication of judicial efforts at this early stage of litigation. The convenience of the parties factor also favors transfer, as all Defendants are in Louisiana while none of the parties are domiciled in Missouri. Movants have made a compelling case that both the interests of justice and convenience of the parties favor transfer, while Plaintiff has not offered any assessment of these factors.

Plaintiff does note, and the Court recognizes, that its choice of forum should be granted some deference. *See Lipari v. U.S. Bancorp*, No. 06-1012-CV-W-FJG, 2007 WL 1063178, at *2

4

(W.D. Mo. Apr. 4, 2007). Despite this argument, the balance of interests and strong presumption in favor of placing venue in the same district court as the bankruptcy proceeding demonstrate that transfer is appropriate. *See Krakowski*, at 776.

Plaintiff's Request to Hold the Motion in Abeyance

Rather than address the substance of the motion to transfer, Plaintiff primarily requests that this Court hold the motion in abeyance while awaiting the outcome of the bankruptcy proceedings. This case has been automatically stayed pursuant to 11 U.S.C. § 362(a). In response to this Court's Show Cause Order (Doc. 13), Plaintiff explicitly stated that this Court can rule on the Movants' pending motion for transfer despite the stay, as "this case need not remain pending in limbo on this Court's docket." (Doc. 17). Given Plaintiff's prior statements and the clear precedent indicating that transfer is appropriate, this Court sees no reason to hold the motion in abeyance.

Accordingly,

**IT IS HEREBY ORDERED** that Movants' Motion to Transfer Venue (Doc. 10) is **GRANTED**. The Clerk of Court is hereby directed to transfer this case to the United States District Court for the Eastern District of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Abstention and Remand, and Alternative Motion for Severance and Remand (Doc. 7) is **DENIED without prejudice.**

Dated this 2nd day of September, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE